# UNITED STATES *v.* WYCKOFF PIPE & CREOSOTING COMPANY, INC.

### APPEAL FROM THE COURT OF CLAIMS.

No. 282. Argued April 29, 1926.—Decided May 24, 1926.

1. Where a contractor with the Government completed the job under the contract, reserving the right to claim damages due to long delays by the Government in performing its part, the measure of such damages was not the difference between the contract price

and the higher market value of the work at time of performance, but the loss actually sustained by the contractor as the result of the delay. P. 266.

2. In computing such damages, *held* that the contractor could not be allowed the difference between the cost of supplies bought and held for the work under the contract, and the higher market price they had acquired by the time when they were used in it, in the absence of evidence that this was the measure of the loss. P. 267.

59 Ct. Cls. 980, reversed.

APPEAL from a judgment of the Court of Claims allowing damages for delay in performance of the claimant's contract due to the fault of the United States.

*Assistant Attorney General Galloway,* with whom *Solicitor General Mitchell* was on the brief, for the United States.

*Mr. Harvey D. Jacob* for appellee.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The Wyckoff Pipe & Creosoting Co., Inc., contracted with the United States, in December, 1917, to lay creosoted wood block floors in Navy Yard buildings at Norfolk, Virginia, furnishing all necessary labor and materials. On a part of the job the contractor was to begin the work immediately after delivery of a copy of the contract. This part was to be completed within 30 days thereafter. On other parts, work was to be deferred until such time as the Government was ready to proceed. These parts were to be finished within 43 days from the dates on which they were begun. The flooring was to be set in a concrete base which was to be laid promptly by the Government. The contractor prepared itself immediately to perform the contract. Among other things, it purchased the lumber and creosote oil needed for the job. Long delays by the Government in furnishing the con-

crete bases prevented performance by the contractor. Thus more than two years elapsed before the work was completed. The contractor was without fault.

The Government's delays confessedly caused the contractor some loss. For the loss so suffered the Government was confessedly liable. It made payment at the fixed contract rate of $2.26 per square yard—and paid an additional amount, also provided by the contract, equal to 50 per cent. of the estimated increase in the labor cost. It paid nothing otherwise on account of the damages caused by its delay. To recover compensation for the loss suffered, this suit on the contract was brought in the Court of Claims in January, 1923. That court assessed the damages at $10,122.99; and for that amount it entered judgment, without an opinion, on June 2, 1924. 59 Ct. Cl. 980. The case is here on appeal under § 242 of the Judicial Code. The only question presented is whether there was error in the measure of damages adopted.

The findings of fact recite that the contractor, in reserving its right to claim damages for extras by reason of the long unanticipated delay, had enumerated as items of the proposed claim extra labor on account of the advance in the scale of wages, extra expense by reason of renewal premiums on surety company bonds, additional freight rates on sand and other material, additional cost of sand, additional cost of creosote oil, storage, insurance, and carrying charges " on a large stock of lumber purchased for the account of your contract and carried in our yard for a space of between one and two years." The findings also recite that the record does not disclose by items the amount of extra expense incurred by the contractor by reason of the lengthy delay in the performance of the work. The court made no finding or estimate of the loss so incurred. It found merely that the increase in the prevailing market price of lumber from the time

that used was bought by the contractor until it was actually employed on the job was $6,021.23; that the increase in the prevailing market price of the creosote oil required from the time it was purchased for the job until it actually was so used amounted to $712.59; that the reasonable value of the contract work per square yard at the time it was actually performed was, for a part $2.68, for a part $2.98, and for the rest $3.28; and that the reasonable value of the whole work at the time it was done by the contractor, based upon prices then paid by the Government on other work then done at the Navy Yard, was $9,936.54 in excess of the amount which the contractor had received. It was for this sum of $9,936.54, plus an item of $186.45 about which there is no dispute, that the Court of Claims entered its judgment of $10,122.99

The Government contends that recovery cannot be had on the contract for the higher market value of the work at the time it was actually performed; that the correct measure of damages for its delay is the loss actually sustained by the contractor as the result of the delay, *United States* v. *Smith,* 94 U. S. 214; *United States* v. *Mueller,* 113 U. S. 153; *Ripley* v. *United States,* 223 U. S. 695; that the increase in the market value of materials purchased for use on the contract cannot be deemed a loss; and that to assess damages on the basis of the value of the work at the time it was performed was, in effect, to make a new contract for the parties or to allow recovery as upon *quantum meruit.* The contention is, in our opinion, well founded.

The contractor urges that the long delay was a breach which would have justified it in terminating the contract and refusing to do the work except under a new one at an increased price. But, despite a contention to the contrary, it did not do this. It completed the work under the contract as originally made. It did not attempt to

make a new contract, or to modify the existing one. It sought merely to reserve its right to make a claim for the damages resulting from the Government's delay. After completing performance it brought this suit declaring on the original contract.

The contractor urges also that, because of the delay, it might have used the supplies purchased on another job, receiving on that their then market value, or might have sold them and taken the incidental profit due to the rise in values; and that, if it had done either and had been obliged later to purchase new supplies at the higher market values in order to perform the Government job, the increased cost would have been recoverable as a loss; and that, as the amount of this increase has been found, the recovery should be sustained at least to that extent. The contractor's contentions, however, ignore the rule that damages for delay are limited to the actual losses incurred. The contractor elected to hold itself in readiness to perform its contract and to this end to retain both the lumber and the creosote oil. The carrying charges thus incurred are an allowable item of damage; but these were not shown. It may even be that in the event of a use or resale of the supplies, if under the circumstances such a course of action was open to the contractor, the profits made would have been available in reduction of damages. Compare *Erie County Natural Gas & Fuel Co. v. Carroll*, [1911] A. C. 105. But clearly it cannot now charge as a loss profits which it might have made if it had sold the supplies in the market or used them on another job.

It is argued that the Court of Claims is under no obligation when assessing damages to specify the elements of the calculation by which it arrives at its results; that itemization is often impossible; and that, like a jury, the court may make an estimate and return such sum as the damages recoverable, compare *United States* v. *Smith*, 94

U. S. 214, 219; and that, accepting the rule that damages are to be limited to actual loss, the award of the lower court is to be regarded as an estimate of such loss. But, in the case at bar, the court did not pursue that course. It made no estimate of the loss suffered. It found merely the increase in value of the work at the time it was performed and the increase in value of the material during the period of the delay. Then it found and concluded, as a matter of law, that the excess of the reasonable value of the work at the time it was done over the amount paid therefor, was recoverable as damages. This was error.

The judgment must be reversed. As there are no findings from which the amount of the loss can be determined, the case is remanded for further proceedings.

*Reversed.*