## BIELECKY et al. v. UNITED STATES.

District Court, E. D. New York. January 26, 1928.

No. 3257.

1. United States ⬩125(1)—United States cannot be sued without authority of Congress.

The United States, or its property, cannot be sued without authority of Congress.

2. Courts ⬩426—"Implied contract," to give District Court jurisdiction to give judgment against United States, must be implied in fact (Jud. Code, § 24, subd. 20, 28 USCA § 41(20).

An "implied contract," in order to give federal District Court jurisdiction under the Tucker Act (Judicial Code, § 24, subd. 20 (28 USCA § 41 (20), to give judgment against the United States, must be one implied in fact, and not one based merely on equitable consideration and implied in law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Implied Contract.]

3. United States ⬩63, 69—Government, by putting its agents in charge of stills on plaintiff's premises in enforcing National Prohibition Act, held not liable on express or implied contract for rent (27 USCA; Jud. Code, § 24, subd. 20, 28 USCA § 41(20).

Act of United States in placing its agents in charge of stills on plaintiff's premises in enforcing National Prohibition Act (27 USCA), which premises were padlocked for one year for violation of such act, *held* not to subject United States to liability for reasonable rental value of premises during period of such occupancy, under Tucker Act (Judicial Code, § 24, subd. 20, 28 USCA § 41(20), on theory of express or implied contract.

At Law. Action by Conrad Bielecky and another against the United States. Petition dismissed.

Kamen & Ostertag, of New York City, for claimants.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y.

MOSCOWITZ, District Judge. This is an action brought by the owners of premises located at 50 Betts avenue, Woodside, L. I., formerly known as the Consumers' Brewery property, for reasonable rental value of the above-mentioned premises for the period beginning June 1, 1926, and ending March 3, 1927. The following facts were contended by the defendant, were conceded by the plaintiff, and are to be considered as part of this motion:

That a Leonard H. Rizzolo, Gus Piccirillo, and the Woodbine Chemical Company were in possession of these premises. Rizzolo and Piccirillo were arrested and subsequently convicted, as the record shows, for violating the National Prohibition Act (27 USCA). There were upon the premises two stills, one 3,000 gallons, and the other 1,200 gallons which occupied three floors of this building. At the time of the seizure of this plant the government placed its agents in charge of these stills, which remained upon the premises from June 1, 1926, to March 3, 1927. The premises were subsequently padlocked for a year with the consent of

the plaintiffs, and the decree later modified by having a bond posted. The plaintiffs herein were named in the padlock decree. The government appeared specially and moved to dismiss, upon the ground that this Court has no jurisdiction of the subject-matter of the cause of action set forth in the complaint.

[1] The United States, or its property, cannot be sued without the authority of Congress. Stanley v. Schwalby, 162 U. S. 255, 16 S. Ct. 754, 40 L. Ed. 960. Section 24, subd. 20, of the Judicial Code (title 28 USCA § 41 (20), p. 625), known as the Tucker Act, vests the District Courts in suits against the United States with concurrent jurisdiction with the Court of Claims of "all claims not exceeding ten thousand dollars founded upon the Constitution of the United States or any law of Congress, or upon any regulation of an executive department, or upon any contract, express or implied, with the government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable. * * *"

The plaintiffs, to recover, must show that this particular transaction was a contract, express or implied, with the government of the United States, or that it was for damages, liquidated or unliquidated, in cases not sounding in tort. The government, in its sovereign capacity in enforcing its laws, may place agents in charge of premises which are used to violate the law. To contend that the government then enters into an express or implied contract to pay the wrongdoer is tantamount to claiming that the government must pay wrongdoers during the time government officers are upon premises to see that no further violation of law takes place. Such a contention is untenable.

[2, 3] In the case at bar there is neither an express or implied contract with the government of the United States. An implied contract, in order to give the District Court jurisdiction, under the Tucker Act, to give judgment against the United States, must be one implied in fact and not one based merely on equitable considerations and implied in law." U. S. v. Minnesota Mutual Investment Co., 271 U. S. 215, 46 S. Ct. 503, 70 L. Ed. 911.

There is no claim that the plaintiffs invoked any remedies to have the government remove the stills, from June, 1926, till March, 1927. If there has been any tortious act committed by any of the government agents, the government is not liable. Tempel v. U. S., 248 U. S. 121, 39 S. Ct. 56, 63 L. Ed. 162.

The government had the right, in order to enforce the law, to place officers upon the premises to see that the law was not continued to be violated. It lies not in the mouth of guilty plaintiffs, who concededly maintained a nuisance, to invoke a statute which Congress never contemplated to cover such a case as is now before the court.

The petition is dismissed. Settle order on notice.