LittletoN, Judge,
delivered the opinion:
The plaintiff entered into a contract with the Navy Department through the Bureau of Yards and Docks for the construction of a salt-water circulating loop with appurtenant structures at a price of $122,300. The work was to be completed within three hundred calendar days from the date on which a copy of the contract was delivered to the plaintiff. The contract was delivered September 21, 1926, and the period therefor extended to July 18, 1927. The Navy Department, in the first instance, officially declared the work covered by the contract to have been completed October 13, 1927, an official delay of eighty-seven days, and liquidated damages in the amount of $6,525 were charged against the contractor and deducted from the amount due him. Subsequently a board of officers was appointed to pass upon claims for an extension • of time, compensation for extra work, and losses to the contractor for delays caused by the defendant. March 6, 1928, the board made its report recommending an extension of fifty-four days as being due to unavoidable delays, leaving thirty-three days of delay chargeable to the contractor and entailing an assessment of $2,475 against him. The board also recommended payment of $256.15 to plaintiff for extra work, but excluded all claims for overhead and salary payments by the contractor for the period of the unavoidable delay.
Subsequently the Secretary of the Navy held that plaintiff was entitled to a further extension of twenty-four days, leaving nine days’ delay for which the plaintiff was held responsible under the contract, and for which he was assessed $675.
*446 . Paragraphs 12, 13, and 14 of the general provisions, forming a part of the specifications of the contract in suit, provide as follows:
“ 12. Extension of time. — For causes of the character hereinafter enumerated extensions of time for the completion of the work may be allowed. Should the contractor at any time consider that he is entitled to an extension of time for any cause, he must submit in writing to the officer in charge an application for such extension, stating therein the cause or causes of the alleged delay. The officer in charge will refer the same at once with full report and recommendation to the Navy Department, Bureau of Yards and Docks, for consideration and for such action as the circumstances may warrant. The failure or neglect of the contractor to submit, as above provided, his claim for extension of time within 30 days after the happening of the cause or causes upon which his claim is predicated shall be deemed and construed as a waiver of all claims and right to an extension of time for the completion of the work on account of the alleged delay, and the contractor agrees to accept the finding and action of the Navy Department, Bureau of Yards and Docks, in the premises as conclusive and binding.
“ 13. Damages for delay. — In case the work is not completed within the time specified in the contract, or within such extension of the contract time as may be allowed, it is distinctly understood and agreed that deductions at the rate named in the specifications of the work shall be made as liquidated damages and not as penalty from the contract price for each and every calendar day after and exclusive of the date within which the completion was required up to and including the date of completion, said sum being specifically agreed, upon as a measure of damage to the Government by reason of delay in the completion of the work; and the contractor agrees and consents that the contract price, reduced by the aggregate damages so deducted, shall be accepted in full satisfaction for all work done under the contract.
“ 14. Unavoidable delays are such as result from causes which are beyond the control of the contractor, such as acts of Providence, fortuitous events, inevitable accidents, abnormal conditions of weather or tides, or strikes of such scope and character as to interfere materially with the progress of the work. Delays caused by acts of the Government will be regarded as unavoidable delays. Delays in receipt of materials found by the Bureau of Yards and Docks to be unavoidable on the part of the contractor shall be *447 allowed in ascertaining liquidated damages; all other delays in delivery of materials shall not be considered unavoidable. The contractor shall keep a record of orders for materials and of actions taken by him to secure delivery, in such form that a certified copy of the record can be submitted to the bureau when called for to assist the bureau in making its finding. Delays caused by rejection of materials on inspection, or by necessary time taken in submitting, checking, and correcting drawings or inspecting material, or by similar causes, will not be regarded as unavoidable. Should any delay in the progress of the work seem likely to occur at any time, the contractor shall notify the officer in charge in writing of the anticipated or actual delay, in order that a suitable record of the same may be made. (See par. 12.)”'
Certain of the requests for extensions of time appear not. to have been made within thirty days after the happening of the cause or causes upon Avhich the claim for extension was predicated, but the Navy Department had authority to-waive the time limit for the performance of the contract. Maryland Steel Co. v. United States, 235 U. S. 451. When the Bureau of Yards and Docks received plaintiff’s request for extension of time, considered and passed upon it, this was a waiver of the provision with reference to the period within which such request should be presented and the department, being authorized by the contract to determine such request, was authorized to waive the objection that the request had not been presented within the time specified. The Navy Department held plaintiff responsible for nine days’1 delay and assessed liquidated damages of $675. With respect to extensions of time and damages for delay, the contract made the decision of the Navy Department conclusive and binding. There is no proof of bad faith, or that the action of the Navy Department in holding plaintiff responsible for nine days’ delay was so grossly erroneous as to imply bad faith. The plaintiff is therefore not entitled to' recover the amount withheld as liquidated damages. Nor is he entitled to recover damages for the nine days’ delay for which he was held responsible.
There is no provision in the contract making the decision of the Navy Department final and conclusive with respect to plaintiff’s claim for damages or unreasonable delays *448 caused by the defendant. Plaintiff contends that he was not responsible for any delay; that the unwarranted exactions and interferences of the officer in charge at the navy yard were the cause of all delays, not only for the period following July 18 to October 13, 1927, but also for delays from and after April 22, 1927, except for which he could have completed his contract, and that he therefore sustained damages in the amount of the salary paid to his superintendent and wages paid to his foremen and steady-time men for the period of 174 days in excess of the time necessary for the completion of the contract; that by reason of the same facts he was required personally to be present at the site of the work for a certain time not otherwise necessary, and for which he asks compensation at $100 a day, $9,000; and that the delays caused by the defendant compelled him to resort to a more expensive method of concrete construction during freezing weather than would otherwise have been necessary. He therefore asks reimbursement for the cost of extra materials used during freezing weather, as well as the ascertained proportion of excess payments during that period over the estimated work of the same labor occurring free of handicaps encountered during freezing weather. In addition he asks rental for the use of certain sheet-steel piling used by him for his own convenience on a portion of the work and continued by order of the defendant’s officer in the same use beyond a period of time intended by plaintiff, which prevented him from using such piling on successive work.
The total amount sued for is made up of eight items, as follows:
Salary, wages, and allowance for plaintiffs time_$15,507. 91
Bonus to foremen_ 400. 00
Cost for extra material for worfc in freezing weather_ 1,369. 00
Extra cost for slow labor during freezing weather_ 6,199. 00
Sheet-steel piling_ 960. 00
Extra expense for transportation of oil pump and lights_ 3, 202. 00
27, 637.91
Fifteen (15%) per cent of the above for overhead_ 4,145.69
Assessment witheld_ 675. 00
32, 458. 60
*449 The facts show that the plaintiff was unnecessarily delayed by the defendant in the prosecution of the work one hundred and twenty days, which period included the nine days’ delay for which the Navy Department held the plaintiff responsible. Inasmuch as the decision of the Navy Department with respect to the nine days’ delay was conclusive and binding, plaintiff is entitled to recover, if at all, damages for one hundred and eleven days’ delay. The rale is firmly established that where the' contractor is delayed in the performance of his contract work, as the findings show in this case, and suffers losses that would not have been sustained except for the Government’s delay and failure to observe its obligations under the contract, he is entitled to recover therefor. McCloskey v. United States, 66 C. Cls. 105; Carroll et al. v. United States, No. C-1236, decided by this court May 2, 1932. The damages suffered by the contractor because of this breach of the contract are limited to the loss actually sustained by reason thereof.
Plaintiff’s claim for damages is based in part upon the beginning of operations at a date prior to the date of delivery of the contract and in part upon delays for which he was clearly not responsible. He is not entitled to .recover damages on the ground that he was not permitted to commence work before the effective date of the contract. Nor do we think he is entitled to recover the items of $1,369, extra cost of materials for work in freezing weather, and $6,199, extra cost of labor during freezing weather. A consideration of the record in connection with the “ progress, schedule, and record,” submitted by the plaintiff leads us to the conclusion that it was the volume and character of- the'work rather than the delay caused by the defendant that extended the concrete construction work into freezing weather, as a result of which it was necessary for him to secure certain additional materials for this work.
We are further of the opinion that plaintiff may not recover the item of $9,000 as an allowance for his own time at $100 a day. Paragraph 4 of the general provisions of the contract required plaintiff to give “ his personal attention and be present on the site of the work continuously during *450 its progress, either in person or by a duly representative.” There is no proof that he was required to do-more than was called for by this provision. The fact that he was present at the site of the work in addition to his duly authorized representative can as well be established to his own volition as to any other cause.
With reference to the other items of the claim, we are of opinion that plaintiff is entitled to recover such of his necessary expenditures directly resulting from the unreasonable delay occasioned by the defendant. He was delayed by reason of the failure of the defendant to fix the location of the structure and with reference to the requirement for the five extra piles for the pump foundation. He was further delayed in building the concrete pipe line by the refusal of the officer in charge to permit him to use the sheet piling for sixty-two days and also by the dewatering operation carried on by the defendant’s officer in charge, and in being required by the officer in charge to search for leaks in the old pipe line and in making connection of the pipe line in • the power house, etc.
Finding IX discloses that the total and unnecessary actual expenditure incurred for superintendence and for wages for the unreasonable delay of one hundred and eleven days caused by the Government was $6,996.62. Plaintiff is therefore entitled to recover this amount. United States v. Wyckoff Co., 271 U. S. 263; Carroll et al. v. United States, supra.
Judgment will be entered accordingly.
Whaley, Judge; Williams, Judge; GkeeN, Judge; and Booth, Chief Justice,■ concur. ■