Whaley, Judge,
delivered the opinion of the court:
The plaintiff, having been the successful competitive bidder, executed a formal contract with the defendant, represented by the Architect of the Capitol, on April 9,1931, for the construction of concrete walks and steps on the site for the enlargement of the Capitol Grounds, Washington, D.C.
The plaintiff undertook to furnish “ all labor and materials and all equipment required for the proper and expeditious completion of grading, concrete work, steel reinforcing, and all other work required to build (under the supervision of the consulting architects) concrete walks as indicated on drawings and as described in these specifications, both prepared by the consulting architects ”, and to commence work within 10 calendar days after date of receipt of notice to proceed, the work to be completed within 120 calendar days from that date.
The Architect of the Capitol duly notified plaintiff on April 24, 1931, to proceed with the work and thereby, under the terms of the limitation of time fixed in the contract, the completion date was August 22, 1931.
The contract provided “ all grades and walk locations will be set and staked by the Government ” and “ the contractor shall not proceed with the work prior to the establishment of grades.” It was further provided: “ The work must be carried on systematically and so managed at all times as to secure rapid progress and avoid annoyance and inconvenience.”
Due to the failure of the defendant to provide the proper grades and stakes from the very commencement of the work, the plaintiff was unable to proceed with its work until June 9,1931. The failure of the defendant to timely and systematically lay the grades and set the stakes repeatedly delayed the plaintiff and occasioned additional labor and expense, and resulted in prolonging the final completion time to January 22, 1932.
*298 The record is free from any act of the plaintiff causing delay. The failure to determine the grades and set the stakes in a reasonable time is admitted by the contracting officer and extra costs and expenses occasioned the plaintiff were submitted to the contracting officer, who examined and passed on them as provided by the terms of the contract, and the Architect of the Capitol determined that the amount of damages to the plaintiff, occasioned by the failure of the Government to perform its obligations under the contract, was the sum of $4,347.18. Although the record shows that the plaintiff has sustained a heavier loss than that determined by the Architect of the Capitol, nevertheless, under the terms of the contract, his decision is final and conclusive, so no greater sum can be recovered.
It is well settled law that the Government is liable for its failure to carry out its contractual obligations. Damages for delay are limited to the actual losses incurred. See Brinck v. United States, 53 C.Cls. 170; Carroll v. United States, 76 C.Cls. 103; Kelly & Kelly v. United States, 31 C.Cls. 361; William, Cramp & Sons v. U.S., 41 C.Cls. 164; Mueller v. United States, 113 U.S. 153; United States v. Smith, 94 U.S. 214; Detroit Steel Products Co. v. United States, 62 C.Cls. 686; United States v. Wyckoff Co., 271 U.S. 263.
The plaintiff is entitled to recover. It is so ordered.
Williams, Judge; Littleton, Judge; Geeen, Judge; and Booth, Chief Justice, concur.