**HIRSCH et al.**

v.

**UNITED STATES.**

Civ. A. No. 13700.

United States District Court
E. D. New York.

April 19, 1954.

Paul R. Shaw, New York City, by Solomon Weinstein, New York City, for plaintiffs.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., by Edward W. Rothe, Sp. Asst. to the Atty. Gen., for defendant.

RAYFIEL, District Judge.

The defendant, prior to answer, moves to dismiss the complaint herein on the ground that the Court lacks jurisdiction over the subject matter of the suit.

The plaintiffs, the owners of premises 2107 Borden Avenue, Long Island City, Queens County, New York, have sued the United States of America under the Tucker Act, section 1346(a) (2) of Title 28, U.S.Code, and under Article III, section 2 of the Constitution of the United States. They allege an implied contract with the United States for the use and occupation of their premises from May 21, 1952, through June 10, 1952.

The facts briefly, are as follows: The 6th floor of the premises in question had been occupied by J. W. Geiger and L. T. Davies, doing business as J. W. Geiger and Company, as tenants of the plaintiffs, prior to May 1, 1952. On that day a warrant had been issued by the Municipal Court of the City of New York, Borough of Queens, First District, dispossessing the said tenants for non-payment of rent.

On May 21, 1952, the District Director of Internal Revenue of the First District in New York took possession of the said premises by virtue of certain warrants of distraint for non-payment of assessed taxes, and occupied them until June 10, 1952. The plaintiffs claim that an implied contract arose between them and the District Director for the use and occupation of the said premises by him for that period.

The Government makes the following contentions in its brief: (1) that the sovereign cannot be sued without the express consent of Congress, (2) that by section 1346(a) (2) of Title 28 consent is given to sue the United States on a contract implied in fact but not one implied in law; (3) that if the District Director wrongfully occupied plaintiffs' premises he committed a tort, and that the plaintiffs may not waive the tort and sue in contract.

I do not believe that these contentions are well founded. Section 1346 (a) (2) of Title 28 specifically permits suits against the Government on an implied contract with the United States. The amended complaint alleges an implied contract between the plaintiffs and the District Director arising out of his use and occupancy of the plaintiffs' property for the period in question. In my opinion the cause of action asserted in the amended complaint is such a claim as was contemplated by section 1346(a) (2) of Title 28, U.S.C.

As to the third contention, there is no claim in the amended complaint that the District Director's use of the plaintiffs' property was wrongful or tortious. The amended complaint alleges that the District Director, "under and pursuant to the aforesaid warrants of distraint, took possession of the said premises and used and occupied the said premises until on or about June 10, 1952, for and on behalf of the United States." This claim is based on the use and occupation of the premises by him incident to the execution of the warrants of distraint.

The Government cites the case of Bielecky v. U. S., D.C., 26 F.2d 746, in support of its position. I do not think that case is apposite. In that case the claim was made that the Government siezed certain illegal stills operated by tenants in possession of the plaintiffs' premises and the plaintiffs sought to recover for the use and occupation of the premises. Judge Moscowitz held that the Government had a right to place officers in charge of premises to see that no further violations of the law occurred. He said, 26 F.2d at page 747, "It lies not in the mouth of guilty plaintiffs, who concededly maintained a nuisance, to invoke a statute which Congress never contemplated to cover such a case as is now before the court."

In the instant case there appears to be no connection between the plaintiffs and the delinquent taxpayer, and no reason to believe that the use to which the delinquent taxpayer tenant put the premises was illegal.

Accordingly the motion is in all respects denied.

Settle order on notice.