**John and Malinda GEE, Appellants,**

v.

**John R. and Jean R. PAYNE,**
**Respondents.**

No. WD 52332.

Missouri Court of Appeals,
Western District.

March 4, 1997.

John E. Beetem, Jefferson City, for appellants.

William David Powell, Columbia, for respondents.

Before LOWENSTEIN, P.J., ULRICH, C.J. and LAURA DENVIR SMITH, J.

LOWENSTEIN, Judge.

This is an appeal from a judgment in favor of the sellers in a court-tried contract action for damages in the sale of real property where the sellers conveyed title to the buyers, but failed to provide timely water service and to extend a road to the property. The buyers, John and Malinda Gee ("the Gees"), allege error in 1) declaring the proper measure of damages at either the fair rental value of the residence plus interest for the period of delay in completion of the contract provisions or the reasonable cost of completing the terms of the contract, rather than the cost of providing water to the premises; 2) failing to award buyers' damages on the grounds that buyers failed to adduce any cognizable evidence of their damages in that there was uncontroverted evidence of sellers' breach of contract and buyers' damage; 3) failing to award specific performance for defendants' obligations to extend the roadway because a finding that the road, as extended, was of the same quality as the pre-existing road was against the weight of the evidence.

On May 16, 1994, the Gees entered into a contract to purchase unimproved rural land from respondents, John and Jean Payne ("the Paynes"), which required the Paynes to extend the district water line and a private road to a corner of the property. The contract indicated these additional terms were to be completed "in a timely manner at sellers' expense no later than 6/31/94." (The trial court interpreted 6/31/94 to mean "by the end of June" considering there is not a 31st day in the month of June.)

The Gees made full payment under the contract on the May closing date but the Paynes failed to extend the water line and the road by the end of June as promised. During the summer of 1994, the Gees made several unsuccessful attempts to contact the Paynes and, through investigation, discovered no action was underway to secure the extension of the waterline. In order to extend the waterline, an easement over the land of another had to be obtained. Ulti-

mately, the Gees elected to dig a well to provide water to the property. Mrs. Gee testified that her family had to take possession of the property and move from their former residence which had been sold, they were planning to build a new home on the property, and water was necessary to facilitate their building a home and to water livestock they relocated to this property. The water district line was finally extended to the property by sellers sometime in November of 1994.

The roadway was extended in late July or early August of 1994 but the Gees complain the extension was inferior to the pre-existing road in that the pavement was only one-half as thick. Mr. Gee testified that they were always able to access the property using the road, the only problem he noted was the road did not withstand bad weather as well as the pre-existing road.

The Gees filed suit seeking breach of contract damages for the failure to extend the waterline by the date specified in the contract and demanding specific performance or damages for the roadway. The trial court found in favor of the Paynes and the Gees filed this appeal.

In their first point on appeal, the Gees allege the trial court erred in finding the appropriate measure of damages for the water line was fair rental value or cost to complete rather than the cost of providing water by drilling a well. The Gees argue that they are entitled to the benefit of their bargain—water available on the property by the end of June. Once that date passed, and the sellers would not return phone calls, the Gees, having no reason to believe the Paynes would perform, drilled a well, watered their livestock, and continued with the construction of their home.

The trial court characterized the Paynes' failure to complete the terms of the contract by the end of June as "delayed performance" and found the proper measure of damages was either: 1) the fair rental value of the residence building for the period of delay and any costs incurred in obtaining an extension of loans made necessary by such delay with any additional interest paid on such loans by plaintiffs; or 2) a reasonable cost of complet-

ing the terms of the contract. The court deemed the Gees' decision to drill a well at a cost of $9,211.72 an unreasonable alternative to extension of the district water line. The court noted, if the proper measure of damages is cost to complete the contract, the contract could have been completed by much less expensive means than drilling a deep well. Ultimately, the court denied *any* recovery to the Gees stating they failed to present evidence of either the fair rental value or the reasonable cost to complete.

■■■■ The standard of review of this court-tried case is enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's judgment will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence or unless it erroneously declares or applies the law. The proper measure of damages is a question of law for determination by the trial court. *Business Men's Assur. Co. v. Graham*, 891 S.W.2d 438, 449 (Mo.App.1994). The particular facts and circumstances of each case dictate which measure of damages is appropriate. *Kahn v. Prahl*, 414 S.W.2d 269, 282 (Mo.1967); *Business Men's Assur. Co.*, 891 S.W.2d at 450. As a general rule, in a breach of contract case, the goal in awarding damages is to put the non-breaching party in as good a position as he or she would have been in if the contract had been performed. *Williams v. Hubbard*, 789 S.W.2d 810, 812 (Mo.App. 1990).

Before reaching the primary question of the measure of damages, this court must first recite a few additional procedural matters regarding the court and attorneys' handling of the measure of damages dispute. In *Boten v. Brecklein*, 452 S.W.2d 86 (Mo. banc 1970), the Missouri Supreme Court indicated that, "[i]f the attorneys disagree as to the elements of and proper measure of damages any questions raised should be settled by the court either at the instruction conference or by its rulings upon objections made during the course of the argument." *Id.* at 93. In the case at bar, the attorneys obviously disagreed as to the measure of damages but the court made no ruling to settle the dispute at trial, and so the disagreement continues on

appeal. The record reveals that the Paynes' counsel objected to Mr. Gee's testimony as to the cost of installing the well, argued it was an inappropriate measure of damages, and referred the court to construction contract cases involving delayed performance on the part of a contractor. The court withheld a ruling on the proper measure of damages, took the objection with the case, and allowed Mr. Gee to testify to his out-of-pocket cost of drilling the well at $9,211.00. The Gees did not put on any additional or alternative evidence of damages, i.e. the reasonable cost of any method, other than a well, of bringing water to the property.

■ The proper measure of damages being the primary issue here, the sellers argue that the fair rental value during the delay is appropriate citing *Christopher & Simpson A.I. & F., Co. v. E. A. Steininger C. Co.,* 200 Mo.App. 33, 205 S.W. 278 (1918) and *Herbert & Brooner Construction Co. v. Golden,* 499 S.W.2d 541 (Mo.App.1973). Both cases involve commercial contractors sued by commercial landowners over a delay in construction where prospective (Christopher & Simpson) and certain (Herbert & Brooner) tenants were unable to rent due to the delay. This court finds these cases are not persuasive here where unimproved property is sold for construction of a private residence and there is no contractor dispute. This is merely a case where the seller failed to complete contracted services to buyer under the contract of sale. Further, the uncontroverted evidence indicated the Gees needed water on the property to build their home and for their livestock. No parties to this case ever anticipated the rental of this property as did the parties in the commercial contractor cases. The fair rental value of the unimproved property, therefore, is not the appropriate measure of damages under these circumstances.

For their part, the Gees cite *Kelsey v. Nathey,* 869 S.W.2d 213 (Mo.App.1993), which is factually similar to the case at bar, for the proposition that they are entitled to damages reflecting the "actual injury sustained" or the "reasonable cost of completing the contract." *Id.* at 218. In *Kelsey,* the buyers purchased real property via contract which stated, "Seller shall within 2 weeks prior to closing complete the following: ... 9) install additional laterals to septic tank drainfield so that all effluent is absorbed." *Id.* at 215. When seller failed to perform, the buyer contracted with a third party to do the work and the court awarded those costs as damages.

In addition, the Gees rely on *Edmonds v. Stratton,* 457 S.W.2d 228 (Mo.App.1970), which holds "when one party to a construction contract or to a contract for the furnishing of labor and services is compelled to relet the work to another because of the total failure of performance by the other contracting party, his measure of damages is generally the difference between the contract price and the reasonable price he is compelled to pay on the reletting." *Id.* at 233.

In the case at bar, the trial court's conclusion is informed by hindsight. Four months after the specified date, the sellers did extend the waterline so the trial court did not treat the case as one of a total failure of performance involving the reasonable cost of substitute performance. However, this court notes that where the sellers did not perform on the date when water was deemed necessary under the contract and, as shown in the trial court's findings, the sellers failed to return buyers' phone calls or provide information about the delay in performance, the sellers' reaction in digging a well may be reasonable absent hindsight and in light of the information available to them on the date of the breach. The bottom line here is there was a breach of contract, the buyers in possession needed water, and it may have been difficult or even more costly for them to have obtained easements and installed a water line rather than sinking a well. This evidence was not explored at trial. The buyers were entitled to damages but received none. In the interest of fairness, evidence as to alternative methods, such as having water delivered to the property, should be allowed in determining a reasonable damage figure.

■ This court does not dictate that the cost of the well is the appropriate measure of damages. The general doctrine of avoidable consequences applies to the measure of damages in actions for breach of contract. The

rule requires the non-defaulting party to a contract to make reasonable efforts to avoid the losses resulting from the default. *Braun v. Lorenz,* 585 S.W.2d 102, 108 (Mo.App. 1979). If, on remand solely for determination of damages, the court determines that the plaintiffs did not act reasonably in avoiding damages, the actual award will be reduced by the amount which could have reasonably been avoided. 22 Am.Jur.2d sec. 507 p. 590; *Apex Mining Co. v. Chicago Copper and Chemical Co.,* 340 F.2d 985, (8th Cir. 1965). On retrial, the court and the parties shall consider the impact of Kelsey and Edmonds on the issue of damages, and both parties will have the opportunity to relitigate damages in accordance therewith. The sellers, having rested without putting on evidence in the first trial, will have the opportunity to put on evidence and cross examine on the reasonableness of the buyers' assertion of damage. This court recognizes the frustration of the trial court at the presentation of evidence by counsel.

■ In the second point on appeal, the Gees allege that the trail court erred in failing to award them any damages claiming they are entitled to at least nominal damages for breach and, at most, the value of the well as actual damages. "Delay in performing a contract beyond the time set for performance, unless the delay is excused or waived, is a breach of contract for which damages may be recovered." 22 Am.Jur.2d sec. 69 p. 88; *United States v. Wyckoff Pipe & Creosoting Co.,* 271 U.S. 263, 46 S.Ct. 503, 70 L.Ed. 938 (1926).

■ Here, the trial court reserved its ruling on the proper measure of damages until it reached a judgment and, as a result, the Gees were unable to add additional or alternative evidence of damages. In contract cases, proof of the contract and its breach gives rise to nominal damages and, thus, a submissible case is made regardless of the failure to prove actual damages. *Sunny Baer Co., Inc., v. Slaten,* 623 S.W.2d 595, 597 (Mo.App.1981). In *Sunny Baer,* the court noted defendants did not fail to prove damages altogether, rather, they proved one type of damage and submitted the case on another. *Id.* Rather than reversing and remand-

ing the cause for entry of a new judgment for nominal damages, the court reversed and remanded for a new trial on damages only. In this case, the Gees did not fail to adduce damages, they merely offered their out-of-pocket expense as damage cost having no ruling on the proper measure by the trial court. Accordingly, this court reverses and remands the cause for a new trial on the issue of damages. Again, it seems particularly unfair under these circumstances not to award damages to the buyers where the breach of a material term in the contract is clear and uncontroverted.

■ In their third and final point on appeal, the Gees allege error in the trial court's failure to award specific performance of the Paynes' obligation to extend the road in a quality equal to the pre-existing road. The Gees specifically argue the trial court's finding that the road, as extended, was of the same quality as the pre-existing road was against the weight of evidence. This court can locate no such finding in the sparse record. The trial court's finding with regard to the road is limited to a statement that plaintiffs failed to provide evidence of damage such that the court could set a figure.

The principal evidence of damages with respect to the roadway was Mrs. Gee's testimony that she paid a certain sum for her driveway, that her driveway was of the same quality as the pre-existing road, and that her driveway was one-third as long as the inferior portion of the road. Apparently, the Gees anticipated the trial court could somehow calculate the damages based on the cost of the Gee's driveway. This evidence does not address the fact that there was a road intact (albeit perhaps of lower quality than the driveway and/or the pre-existing road).

■ Appellants argue they are entitled to specific performance because Mrs. Gee's testimony that the road, as extended by the Paynes, was inferior in quality to the pre-existing road was uncontroverted. The trial court is free to believe all, none, or part of witnesses' testimony and may reject the rest even if it is uncontroverted. *Estate of Munday,* 887 S.W.2d 734, 735 (Mo.App.1994).

An award of specific performance of a realty contract is not a matter of right but rather, rests in the trial court's discretion. *Best v. Culhane,* 677 S.W.2d 390, 394 (Mo.App.1984). Trial courts have discretion to award or withhold the remedy of specific performance within established doctrines and principles of equity. *Holtmeier v. Dayani,* 862 S.W.2d 391, 405 (Mo.App.1993). "The equitable remedy of specific performance is available only where a valid contract is in existence between the parties in terms sufficiently definite to enable the trial court to decree its performance." *Quality Wig Co., Inc. v. J.C. Nichols Co., Inc.,* 728 S.W.2d 611, 616–17 (Mo.App.1987). In this case, the contract at issue mandates extension of a road but makes no definite terms relating to the quality of the required road. No abuse of discretion is noted in the trial court's failure to award specific performance. Point denied.

The judgment regarding the roadway is affirmed and that portion of the judgment relating to damages for breach of contract of the water line is reversed and remanded for a new trial on the sole issue of reasonable damages.

All concur.