Richard C. WERNER, d/b/a Neon City
Sign and Electric Company,
Plaintiff/Respondent,

v.

ASHCRAFT BLOOMQUIST, INC.,
Defendant/Appellant.

No. ED 75617.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 25, 2000.

C. Christopher Lazano, Todd Hendrickson, Clayton, for appellant.

Kristin Whittle, St. Louis, for respondent.

WILLIAM H. CRANDALL, Jr.,
Presiding Judge.

Defendant, Ashcraft Bloomquist, Inc. (hereinafter ABI), appeals from the judgment of the trial court, entered in a court-tried case, in favor of plaintiff, Richard C. Werner, d/b/a Neon City Sign and Electric Company (hereinafter Werner), in a breach of contract action. We affirm.

ABI entered into a contract with the owner of Fenton Plaza, Diversified Developers Realty Corp. (hereinafter Diversified), whereby it agreed to be the general contractor on a remodeling project for the shopping center. ABI entered into a subcontract with Werner to "remove and reinstall all store front signage with union labor" for a total price of $26,700.00. The contract was for labor only; no materials were included. Pursuant to the contract, Werner removed the signs and was paid $13,260.00 for that work.

Thereafter, Diversified determined that it wanted new signs and in accordance with its contract with ABI entered a change order to delete the reinstallation of the signs from its contract with ABI. ABI informed Werner that it was discontinuing its contract with him. Werner brought this action for, *inter alia,* breach of contract. The trial court found that ABI had breached the contract and awarded damages to Werner in the amount of $13,-400.00.

Our standard of review in a court-tried case is enunciated in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

In its first point on appeal, ABI challenges the trial court's finding that it breached its contract with Werner for the

reason that the doctrines of impossibility of performance and/or commercial frustration excused its performance. ABI argues that because "Diversified exercised its right to enter a change order and removed all remaining signage work from ABI's contract," it "no longer had the right or ability to allow Werner to perform that work" under the contract at issue.

█ The doctrine of impossibility of performance excuses a party to a contract from performance when an Act of God, the law, or the other party renders performance impossible. *Grannemann v. Columbia Ins. Group*, 931 S.W.2d 502, 506 (Mo.App. W.D.1996). If a party desires to be excused from performance in the event of contingencies arising after the formation of a contract, it is that party's duty to provide therefore in the contract. *Stein v. Bruce*, 366 S.W.2d 732, 734 (Mo.App.1963).

The change order by Diversified is not the type of unexpected event warranting consideration of the application of the impossibility of performance doctrine. *See, e.g., West Los Angeles Institute for Cancer Research v. Mayer*, 366 F.2d 220 (9th Cir. 1966) (change in the law in the form of a revenue ruling); *Lake Development Enterprises, Inc. v. Kojetinsky*, 410 S.W.2d 361 (Mo.App.1966) (Act of God in the form of freezing temperatures); *Stein v. Bruce*, 366 S.W.2d at 732 (death of a party). Furthermore, ABI made no provision for the termination of its obligation under its contract with Werner in the event Diversified entered a change order regarding the removal or reinstallation of the signs. *See, e.g., Sanfillippo v. Oehler*, 869 S.W.2d 159 (Mo.App. E.D.1993) (because the non-competition agreement did not provide for termination of his obligation upon the death of the dentist from whom he purchased the assets of a dental practice, dentist-purchaser was not excused from paying under the non-compete agreement).

█ In addition, the ultimate question is whether or not the nature of the contract and the surrounding circumstances show that the risk of the subsequent events, whether or not foreseen, was assumed by the promisor. *West Los Angeles Institute for Cancer Research*, 366 F.2d at 225. In the case before us, it appears from the nature of ABI's contract with Werner and from the surrounding circumstances that ABI assumed the risk of a change order by Diversified after it contracted with Werner. As between ABI and Werner, ABI was in the better position to anticipate the frustrating event of a change order. ABI's failure to make provision for that contingency in its contract with Werner indicated its assumption of the risk that a change order might occur which could impair its contract with Werner.

█ ABI alternatively argues commercial frustration as a basis for discharging its performance under its contract with Werner. Under the doctrine of commercial frustration, if the happening of an event not foreseen by the parties and not caused by or under the control of either party has destroyed or nearly destroyed either the value of the performance or the object or purpose of the contract, then the parties are excused from further performance. *Howard v. Nicholson*, 556 S.W.2d 477, 482 (Mo.App.1977). The doctrine of commercial frustration is close to but distinct from the doctrine of impossibility of performance. *Id.* Both concern the effect of supervening circumstances upon the rights and duties of the parties; but in cases of commercial frustration, performance remains possible but the expected value of performance in the party seeking to be excused has been destroyed by the fortuitous event which supervenes to cause an actual but not literal failure of consideration. *Id.*

█ If the event was reasonably foreseeable, however, the parties should have provided for its occurrence in the contract and the absence of such provision indicates an assumption of risk by the promisor. *Id.* Courts consider the relation of the parties, the terms of the contract, and the circumstances surrounding the formation

of the contract in determining whether the supervening event was reasonably foreseeable. *Id.*

The doctrine of commercial frustration is not applicable in this case. It was foreseeable to ABI at the time ABI entered into its contract with Werner that Diversified might enter a change order to the original contract with ABI that could impair performance under ABI's contract with Werner. In *Conlon Group, Inc. v. City of St. Louis*, 980 S.W.2d 37, 40–41 (Mo.App. E.D.1998), *cert. denied,* — U.S. ——, 119 S.Ct. 1786, 143 L.Ed.2d 814 (1999), this court declined to find commercial frustration where the structural problems in a 100–year–old building were foreseeable. This court concluded that the purpose of the agreement with the city's redevelopment authority remained intact, despite the increased costs of redevelopment project. *Id.* In *Shop 'N Save Warehouse Foods, Inc. v. Soffer*, 918 S.W.2d 851, 863 (Mo.App. E.D.1996), this court concluded that an instruction on commercial frustration was not warranted in a breach of contract action. This court reasoned that it was foreseeable to the lessor that a supermarket chain to which he leased property might bring an action to enforce the one-mile radius restriction in a lease with him and thus bar his leasing property located across the street from the supermarket chain to another grocery store. *Id.* Here, although the possibility of a change order in its contract with Diversified was foreseeable to ABI, ABI failed to provide for that contingency in its contract with Werner. Thus, the doctrine of commercial frustration does not excuse ABI's performance under its contract with Werner.

■ The doctrines of commercial frustration and of impossibility of performance are limited in application so as to preserve the certainty of contracts. *Howard,* 556 S.W.2d at 483. ABI cannot in hindsight excuse its performance under its contract with Werner based on either doctrine. ABI's first point is denied.

■ In its second point, ABI asserts the trial court erred in enforcing the contract because the acts of a third party, i.e. Diversified, frustrated and prevented the performance of ABI's contractual obligations to Werner.

■ On the one hand, if the fulfillment of the contract depends on the act or consent of a third party, the contract is unenforceable until the third party so acts or consents. *Cosky v. Vandalia Bus Lines, Inc.,* 970 S.W.2d 861, 866 (Mo.App. S.D.1998). On the other hand, if a party to a contract unconditionally undertakes to perform an act that is not impossible, but merely requires a third party to acquiesce or perform a preceding act, the party's performance is not deemed to be conditioned on the third party's acquiescence or performance. *Id.* In the latter situation, the inability to secure the necessary permission or acts of the third party does not excuse performance of the contract. *Id.*

Here, ABI contracted with Werner to remove and reinstall the signs in the shopping center. There was no indication, either in its contract with Werner or by the parties' actions, that ABI's performance was conditioned on Diversified's acquiescence or performance. Thus, Diversified's acts did not excuse ABI's performance. ABI's second point is denied.

The judgment of the trial court is affirmed.[1]

MARY K. HOFF, Judge and JAMES A. PUDLOWSKI, Senior Judge, concur.

---

1. Werner's motions to strike ABI's reply brief and for sanctions for frivolous and non-compliant appeal are denied.