

# In the Missouri Court of Appeals Eastern District

## DIVISION TWO

| | |
|---|---|
| MIKEN TECHNOLOGIES, INC., | ) |
| | ) ED103620 |
| | ) |
| Appellant, | ) Appeal from the Circuit Court |
| | ) of St. Louis County |
| v. | ) 14SL-AC1659 |
| | ) |
| THE TRAFFIC LAW | ) |
| HEADQUARTERS, P.C., | ) Honorable Lawrence J. Permuter, Jr. |
| | ) |
| | ) Filed: July 12, 2016 |
| Respondent. | ) |

## Introduction

Miken Technologies, Inc. (Miken) appeals from the trial court's judgment granting The Traffic Law Headquarters' (TLH) counterclaim for $7,500.00 in the contract dispute between Miken and TLH. Miken argues on appeal the trial court erred because the judgment was not supported by substantial evidence. We affirm.

## Background

On July 26, 2012, TLH entered into a contract with Miken. The contract stipulated that Miken would provide TLH with a client management computer application in exchange for payment. The total contract price initially ranged from $12,800.00 to $14,100.00. Miken estimated the entire project would take a maximum of hours 141 hours

to complete. Miken informed David Diamond, a principal of TLH, that it would take several months to implement the database. TLH made an upfront payment of $7,500.00 to Miken for database design. Miken estimated the first phase, which was the design phase, would take 10 to 12 hours.

Miken took 10 months to complete the design phase and billed 73 hours for it. After a year and a half, Miken had billed TLH for 157 hours, and a total price of $15,700.00. Miken explained that TLH took weeks to respond with feedback that Miken needed in order to proceed.

On January 17, 2014, TLH terminated the contract. In its letter to Miken, TLH listed five reasons why TLH was terminating the contract: "(1) failure to provide a project timeline; (2) failure to outline the various phases of the development processes along with task dates and ownership; (3) failure to contact TLH weekly or periodically to provide project updates and estimated date(s) of project completion; (4) failure to produce, test, and deploy a functioning database; and (5) failure to complete the project within a reasonable amount of time."

On January 31, 2014, Miken informed TLH that the job was 90 percent finished and ready for implementation. Miken offered to turn over the source codes for $7,500.00. TLH did not pay. Miken subsequently brought suit for breach of contract, requesting $7,500.00 in damages. TLH filed a counterclaim for the $7,500.00 it paid Miken upfront as part of the total price of the contract.

After a trial, the trial court granted TLH's counterclaim for $7,500.00 and denied Miken's claim for $7,500.00 in damages as a breach of contract remedy. The trial court estimated a 30- or 60-day delay may have been reasonable. "[A] project that was supposed

2

to take six days, that took a year and a half, is a substantial breach of the agreement." The trial court found TLH "got nothing." It found that Miken breached an express written contract. This appeal follows.

## Discussion

In its sole point on appeal, Miken claims that it did not breach the contract because Miken had completed 90 percent of the work when TLH terminated the contract. Therefore, Miken argues, it should be compensated for the work completed. We disagree.

In reviewing a court-tried case, we will uphold the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Murphy v. Carron, 536 S.W.2d 30, 36 (Mo. banc 1976). This Court defers to the trial court for factual findings, but reviews its legal conclusions *de novo*. Mortenson v. Leatherwood Constr., Inc. 137 S.W.3d 529, 531 (Mo.App. S.D. 2004). Neither party requested findings of fact or conclusions of law in conjunction with Rule 73.01(c). Thus, on factual issues, this Court must find the facts in favor of TLH. See Bolt v. Giordano, 310 S.W.3d 237, 242 (Mo. App. E.D. 2010).

First, the trial court found that Miken's delay of one and a half years without providing a finished product under the contract constituted a substantial breach of the agreement. Miken argues that its delay was due to the fact that TLH took weeks to respond with feedback that Miken needed to continue working. Miken argues there was no specific time frame set out in the contract, but only estimates. Miken fails to cite any authority supporting its argument that its delay here was reasonable.

3

"The law implies a reasonable time to perform where no time limit is fixed by contract." Hastings & Chivetta Architects v. Burch, 794 S.W.2d 294, 297 (Mo. App. E.D. 2005) (internal quotation omitted). "Where the contract is for the payment of money . . . and the time for performance is not fixed by the agreement, the law will deem the amount due and payable when the party has fully performed his obligations under the contract and nothing remains to be done but payment to him of the amount due." McCandlish v. Estate of Timberlake, 497 S.W.2d 191, 195 (Mo. App. 1973) (internal quotation omitted).

Here, Miken acknowledges that it had at most completed 90 percent of the project. Therefore, the full amount for the project had not become due. The trial court noted a 30- or 60-day delay would have been understandable under the terms of the contract here. However, the trial court reasoned, "Project that was supposed to take six days, that took a year and a half, is a substantial breach of the agreement."

Where one party materially breaches a contract, the other party may terminate the contract and is relieved of its performance. Fire Sprinklers, Inc. v. Icon Contracting, Inc., 279 S.W.3d 230, 234 (Mo. App. E.D. 2009). Further, the non-breaching party is entitled to sue for total breach. Id. The proper amount of damages is the amount that would make the injured party whole. Turner v. Shalberg, 70 S.W.3d 653, 658 (Mo. App. S.D. 2002). "In a breach of contract case, the measure of damages is the benefit of the bargain, *i.e.*, 'the value of the performance of the contract.'" Id. (citation omitted).

Here, the trial court found that Miken had substantially breached the agreement. The trial court concluded that TLH had received nothing under the contract and that TLH was entitled to a refund of the initial payment TLH had made: $7,500. These findings are consistent with the conclusion that Miken materially breached the agreement. The trial

4

court's conclusion is supported by substantial evidence on the record, and the trial court did not erroneously declare or apply the law in determining that Miken owes TLH damages in the amount of $7,500, which is equal to the amount TLH paid Miken initially to undertake the project.

Second, to the extent Miken makes an argument in equity that it is entitled to compensation for the 157 hours it worked to complete 90 percent of the job, Miken argues for recovery under a theory of quantum meruit, which is a remedy to prevent unjust enrichment. See County Asphalt Paving, Co., Inc. v. Mosley Const., Inc. 239 S.W.3d 704, 710 (Mo.App. E.D. 2007); see also Richard B. Curnow, M.D., Inc. v. Sloan 625 S.W.2d 605, 607 (Mo. banc 1981) ("Recovery in quantum meruit for services performed is limited to the reasonable value of the services"). The trial court concluded it could not grant recovery under quantum meruit because Miken did not bring such a claim in its petition. The trial court did not err in this conclusion. "It is hornbook law that a party cannot recover for a cause of action not pleaded." Browning-Ferris Indus. of St. Louis, Inc. v. Landmark Sys., Inc., 822 S.W.2d 569, 71 (Mo. App. E.D. 1992). Thus, we similarly cannot consider on appeal whether Miken should recover under a theory of quantum meruit. See Ibarra v. Mo. Poster & Sign Co., Inc., 838 S.W.2d 35, 40 (Mo. App. W.D. 1992) (appellate court may not address issues not raised at trial). Point denied.

## Conclusion

The trial court's judgment, finding Miken breached the agreement and that TLH was entitled to $7,500 in damages, was supported by substantial evidence and not against

5

the weight of the evidence.  We affirm.

_____
Gary M. Gaertner, Jr., Judge

Philip M. Hess, P.J., concurs.
Angela T. Quigless, J., concurs.

6