

# Missouri Court of Appeals
## Southern District
### Division Two

DOUGLAS WHITE,     )
    )
    Plaintiff-Appellant,     )
    )
vs.     )     No. SD34327
    )
R.L. PERSONS CONSTRUCTION, INC.,     )     Filed November 15, 2016
    )
    Defendant-Respondent.     )

### APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable Michael Pritchett

AFFIRMED

In a two-count petition, Douglas White ("Employee") sued R.L. Persons Construction, Inc. ("RLP"), for unpaid prevailing wages under section 290.300[1] ("Count 1") and under a breach of contract claim as a third party beneficiary ("Count 2"). Following a bench trial, the trial court found that Employee failed to meet his burden of proof on both claims and entered judgment in favor of RLP. On appeal, Employee contends that the trial court erred because: (1) "it applied an improper legal standard by requiring [Employee] to prove he was substantially dedicated to the job site[;]" (2) "it failed to find that [Employee] performed any compensable work on Prevailing Wage job sites in that . . . such findings were contradicted by [RLP's] admissions to the contrary, are against the weight of the evidence, and are based on an erroneous

---

[1] Statutory references are to RSMo 2000.

legal standard[;]" (3) "it allowed improper hearsay and opinion evidence from an Arbitration proceeding[;]" and (4) "it applied an improper legal standard and made erroneous factual findings in that Missouri law allows [Employee] to proceed on a Third Party Beneficiary Breach of Contract Claim as a matter of law[.]"[2]  Finding no merit in any of Employee's points, we affirm the trial court's judgment.

## Standard of Review

We review a court-tried case under the standard set forth in **_Murphy v. Carron_**, 536 S.W.2d 30, 32 (Mo. banc 1976).  We will affirm the judgment of the trial court unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law.  **_Id._**

"In a court-tried civil case it is the court's duty to judge the credibility of the witnesses and the weight to be given to their testimony.  The judge is free to believe none, part, or all of the testimony and chooses between conflicting evidence.  We defer to these determinations." **_Bonney v. Envtl. Eng'g, Inc._**, 224 S.W.3d 109, 125 (Mo.App. 2007) (internal citations omitted).

## Factual and Procedural Background

RLP is owned and operated by Randal L. Persons ("Randal").[3]  RLP performs general, heavy, civil, commercial, and industrial construction in Missouri and in nearby states.  A portion of RLP's business involves contracting with public agencies for the construction of public works projects.

On January 26, 2012, Employee began working for RLP as a shop mechanic.  RLP promoted Employee to shop supervisor around September 2012.  Employee's promotion was

---

[2] Although not clear from Employee's brief, presumably his fourth point, directed toward the adverse judgment on Count 2, relates to prevailing wage claims that he asserts originated on RLP job sites outside of Missouri that are not subject to the Missouri Prevailing Wage Law.
[3] Because Randal L. Persons and RLP have similar names, we refer to Randal L. Persons by his first name for clarity.  No disrespect or familiarity is intended.

accompanied by a raise ($1,000 per week salary to cover all wages due to him) and an expectation that Employee would work 50 hours per week. The shop supervisor position differed from the shop mechanic position in that it involved responsibilities of delegating work and handling paperwork (e.g., ordering parts, reviewing and approving time sheets). Employee worked at RLP's headquarters in Missouri and also on both prevailing wage and non-prevailing wage job sites across multiple states. Employee was paid prevailing wage as an ironworker for work on a prevailing wage job site on one occasion after being promoted to shop supervisor but claimed at trial that he was not paid prevailing wages for work he performed on eight other prevailing wage job sites.[4]

In its judgment, following trial, the trial court determined that Employee "failed to meet his burden of proof on the two claims in his Petition" and entered judgment in favor of RLP on both counts. Employee timely appeals.

### Discussion

For ease of analysis, we address Employee's points out of order.

### *Point Two—Employee Failed to Sustain His Burden of Proof on Count 1*

The portion of RLP's business concerning contracts "with public agencies for the construction of public works projects" in Missouri is subject to the Missouri Prevailing Wage Law ("MPWL").[5] The MPWL "expressly provides that 'all workmen employed by or on behalf of any public body engaged in the construction of public works' be paid 'not less than the prevailing hourly rate of wages for work of similar character in the locality in which the work is performed.'" ***Thomas v. A.G. Elec., Inc.***, 304 S.W.3d 179, 183 (Mo.App. 2009) (quoting section 290.230.1). Claims brought under the MPWL are treated as a civil "'suit for wages.'"

---

[4] Additional facts will be addressed as necessary to discuss and resolve each of Employee's points.
[5] *See* footnote 2.

3

*Bonney*, 224 S.W.3d at 120 (citing section 290.300). To be successful in an action under section 290.300, a plaintiff must prove by a preponderance of the evidence that he or she was "paid for his [or her] services in a sum less than the stipulated rates for work done under the contract." *Id.*

Employee's second point contends:

The trial court erred in granting judgment in favor of [RLP] on [Employee's] claims arising under Missouri's Prevailing Wage Law because it failed to find that [Employee] performed any compensable work on Prevailing Wage job sites in that in that [sic] such findings were contradicted by [RLP's] admissions to the contrary, are against the weight of the evidence,[6] and are based on an erroneous legal standard.[7]

In its judgment, the trial court framed the "critical questions" related to this point as "whether [Employee] performed actual construction work on a public works project, and if so, *when and where*." (Emphasis added). On appeal, Employee concedes that he had the burden to prove that he performed actual construction work on a prevailing wage jobsite and then frames the "only question" remaining as "*how often* [Employee] visited these prevailing wage sites to perform mechanic work." (Emphasis added). While posed in different terms, these questions raise the same issue—the quantity of actual construction work Employee performed on prevailing wage jobsites.

According to the trial court's judgment, which Employee does not dispute in this regard, the evidence in the record from which the trial court resolved this quantity issue comes from only

---

[6] In his argument under this point, Employee asserts only the bare legal conclusion that the "[f]inding that [Employee] failed to prove that he worked any hours on these sites in [sic] contrary to the substantial weight of the evidence[.]" Employee omits any argument, much less a logical and cogent argument as described in *Houston v. Crider*, 317 S.W.3d 178, 186-87 (Mo.App. 2010), developing his against-the-weight-of-the-evidence claim. An appellant is required to develop the issue raised in his point relied on in the argument portion of the brief, and where he fails to do so, the issue is deemed abandoned. *Smith v. Med Plus Healthcare*, 401 S.W.3d 573, 575–76 (Mo.App. 2013).

[7] RLP contends that all of Employee's points fail to comply with Rule 84.04. We agree; however, Employee's briefing deficiencies are not so severe that they "fail[] to give notice to this [c]ourt and to the other parties as to the issue presented on appeal." *J.A.D. v. F.J.D.*, 978 S.W.2d 336, 338 (Mo. banc 1998). Where briefing deficiencies do not impede disposition on the merits, this court prefers to decide the case on its merits.

4

three sources:  (1) Employee's testimony, (2) Employee's time records, and (3) Randal's testimony.  The trial court expressly found Employee's testimony on this issue was inconsistent and not credible.  The trial court also expressly found that Employee's time records "do not *reliably* establish when and how long [Employee] actually worked on-site at prevailing wage job sites[,]" (emphasis added) and that "it is absolutely impossible to determine the number of hours [Employee] performed prevailing wage work on prevailing wage jobs based upon [Employee's] records and timesheets."  We are required by our standard of review to defer to these trial court credibility and weight determinations, ***Bonney***, 224 S.W.3d 125, and Employee does not contend or argue otherwise.

Rather, in his point and argument under this point, Employee contends that based solely upon Randal's testimony, Employee sustained his burden of proof on his MPWL claim as a matter of law, so that the trial court was required to enter judgment in his favor.  Citing to the same testimony by Randal as relied upon Employee in this point, the trial court found that

> [Employee] performed routine maintenance and minor upkeep on heavy equipment, which would include activities like replacing a busted hose, replacing teeth on a track hoe bucket, cutting edges on a grader, or change a tire or a battery.[8]  *This work happened on both prevailing wage and non-prevailing wage job sites*.

(Emphasis added).  Employee points to the latter finding and Randal's testimony to that effect to argue and conclude that "[c]learly he worked *some* hours… [such that this] matter must be reversed for calculation of damages under the proper legal standards."  (Emphasis added).

Assuming, without deciding, that Randal's testimony and the trial court's finding based upon that testimony supports that Employee performed *some* actual construction work on some unidentified prevailing wage jobsites, Employee's point nevertheless fails.  Randal's testimony

---

[8] RLP disputes that these activities constitute actual construction work.

5

did not attribute any of the described activities as having been performed by Employee on any particular jobsite or specify any length of time Employee engaged in such activity on such a jobsite. Employee's argument and conclusion, therefore, is flawed in two respects. First, Randal's testimony answers neither the "when and where" nor the "how often" question—the quantity issue. Second, it completely ignores and overlooks the lack of any *credible* evidence in the record from which the trial court could have reasonably determined "when and where" Employee performed actual construction work or, in his words, "*how often* [he] visited these prevailing wage sites to perform mechanic work."

In the absence of *credible* quantitative evidence reasonably related to a particular prevailing wage jobsite and its unique prevailing wage determination for the particular activities performed by Employee on that jobsite, the trial court had no evidentiary basis upon which to support a finding that Employee was "paid for his [or her] services in a sum less than the stipulated rates for work done under the contract[,]" *see Bonney*, 224 S.W.3d at 120 (citing section 290.300). Any damage calculation or award based solely upon Randal's testimony, as Employee urges, would be based upon nothing more than speculation and would be improper. *See Delgado v. Mitchell*, 55 S.W.3d 508, 512 (Mo.App. 2001) ("appellate court will reverse a judgment that awards damages for breach of contract if the record shows an absence of proof of actual facts that present a basis for a rational estimate of damages without resort to speculation."). Recognizing this deficiency in the credible evidentiary record before it and Employee's burden of proving the existence *and amount* of damages with reasonable certainty, *id.*, the trial court did not commit error in finding that Employee quantitatively "failed to meet his burden of proving he performed actual construction work on a public works project as required by Section 290.230." Employee's second point is denied.

6

### *Point One—Resolution of Point Two Moots this Point*

Employee's first point contends:

> The trial court erred in granting judgment in favor of [RLP] on [Employee's] claims arising under Missouri's Prevailing Wage Law because it applied an improper legal standard by requiring [Employee] to prove he was substantially dedicated to the job site in that there is no such requirement and [Employee] is entitled to Prevailing Wage or any mechanic work performed on a Prevailing Wage job site.

Based on his reading of section 290.230, Employee states that in order to prevail at trial, he was required to prove that he was "(1) directly employed by the contractor, (2) in actual construction work, (3) on the site of a prevailing wage jobsite." In this point, Employee claims that the trial court misapplied the first element—directly employed by the contractor—to require that "a workman must be married to a job, substantially dedicated to a jobsite, or directly employed on a job before he is entitled to be paid prevailing wage."

According to Employee, he was required to prove all three of the enumerated elements of his claim. He failed, however, to carry his burden of proving the second and third elements, as discussed above under point two. Any discussion, analysis or resolution of the issue raised in this point related to the meaning or requirements of the first element—whether Employee was directly employed—would not change the outcome of this appeal, as dictated by the resolution of point two. This point, therefore, is moot and need not be further addressed.

### *Point Three—Admission of Arbitration Evidence was not Prejudicial*

Employee's third point contends:

> The trial court erred in granting judgment in favor of [RLP] on [Employee's] claims arising under Missouri's Prevailing Wage Law because it allowed improper hearsay and opinion evidence from an Arbitration proceeding in that such evidence was inadmissible and prejudicial.

"The trial court has broad discretion to admit and exclude evidence at trial. An appellate court will reverse only for an abuse of that discretion." ***In re Care & Treatment of Donaldson***,

7

214 S.W.3d 331, 334 (Mo. banc 2007). Moreover, we review the admission of evidence for prejudice, not mere error. *Alberswerth v. Alberswerth*, 184 S.W.3d 81, 100 (Mo.App. 2006). "The admission of improper evidence is not ordinarily a ground for reversal in a non-jury case" because "a certain latitude is allowed in the admission of evidence. Except where a trial court relies on inadmissible evidence in arriving at its findings, such evidence is ordinarily held to be nonprejudicial." *In re Marriage of Clark*, 801 S.W.2d 496, 498–99 (Mo.App. 1990) (citations omitted). "[I]t is presumed that [the trial court] will not give weight to that evidence which is incompetent. Because of this, it is difficult to base reversible error on the erroneous admission of evidence in a court-tried case." *Blackburn v. Richardson*, 849 S.W.2d 281, 291 (Mo.App. 1993).

RLP was the subject of an administrative proceeding concerning wages allegedly owed to Employee before Employee filed this civil suit for wages. The administrative proceeding resulted in an arbitration decision concluding that RLP had "reasonably relied to its detriment" on the outcome of an even earlier investigation by the Department of Labor and Industrial Relations; therefore, the Department was "equitably estopped from asserting its claim for back pay and for a penalty" based on its position that "mechanics are entitled to back wages under the [MPWL.]"

RLP repeatedly tried to introduce testimony and exhibits related to this arbitration during the current case, and Employee repeatedly objected that evidence of the arbitration proceeding would be hearsay and irrelevant. Specifically, RLP moved to admit Exhibits Z, OO, OOO, and KKK. Exhibit Z is a letter stating that "the DOL could not substantiate the allegation Defendant violated the MPW[L,]" Exhibit OO contains a series of letters from the Department of Labor in May 2015, Exhibit OOO is the arbitration decision, and Exhibit KKK is the transcript of the

8

arbitration proceedings. The trial court ruled in its judgment that it would admit "Exhibits Z, OO, KKK and OOO (and the relevant testimony thereon) into evidence, but will not defer to any factual or legal conclusions therein as dispositive of any factual or legal issues presented in the instant matter."

Employee contends that these documents "are logically and legally irrelevant, replete with hearsay, and contain improper opinions invading the province of the factfinder[,]" citing ***Williams v. Trans States Airlines, Inc.***, 281 S.W.3d 854, 873 (Mo.App. 2009). Employee concludes that "[t]his hearsay, improper opinion evidence was prejudicial and requires reversal[;]" however, Employee provides no factual basis supporting or argument developing this bare legal conclusion. We need not decide the admissibility of this evidence because, even if erroneously admitted, Employee was not prejudiced by it.

As RLP points out in its brief, the trial court stated that, although it was admitting the documents, the court did not consider the earlier proceedings to be dispositive of the current case.[9] Specifically, the trial court stated, "The Court has considered the arbitrator's decision for *informational and background purposes*, but bases its ruling herein entirely on the testimony and exhibits admitted into evidence at the trial of this cause." (Emphasis added). Moreover, in determining that Employee failed to carry his burden of proof on his claims, as discussed under Employee's second point, the trial court did not consider or rely upon any of the arbitration evidence.

Given the trial court's expressed lack of reliance on the arbitration evidence in making its decision and Employee's failure otherwise to meet his burden of proving his claims, Employee

---

[9] Although Employee filed a reply brief, he does not respond to this portion of RLP's argument. Therefore, we are without the benefit of whatever argument Employee may have made on this issue, other than his bare legal conclusion in his initial brief that it was prejudicial.

9

has failed to demonstrate he was prejudiced by the admission of the arbitration evidence Employee's third point is denied.

### Point Four— Employee Failed to Sustain His Burden of Proof on Count 2

Employee's final point relied on states:

The trial court erred in granting judgment in favor of [RLP] on [Employee's] claims arising under Missouri's common law because it applied an improper legal standard and made erroneous factual findings in that Missouri law allows [Employee] to proceed on a Third Party Beneficiary Breach of Contract Claim as a matter of law based on the same evidence and arguments under the Prevailing Wage law.

This point challenges the trial court's adverse judgment on Employee's Count 2 claim for breach of contract by a third party beneficiary. Employee's point states this challenge is "based on the same evidence and arguments under the [MPWL]." Presumably, this refers to Employee's first and second points related to his Count 1 MPWL claim.

In his argument under this point, Employee recites that "[a] workman on a prevailing wage claim is an intended beneficiary of the contract between the contractor and the public body authorizing the work[,]" citing *State ex rel. Evans v. Brown Builders Elec. Co., Inc.*, 254 S.W.3d 31 (Mo. banc 2008). The only argument proffered by Employee developing the issue raised in this point, however, is "[f]or the same reasons set forth elsewhere, this matter should be reversed and remanded[.]" Presumably, "elsewhere" also refers to Employee's first and second points related to his Count 1 MPWL claim. In accordance with these presumptions, therefore, this point must fail for the same reason those points fail—Employee did not sustain his burden of proving that he engaged in any quantifiable amount of actual construction work on a prevailing wage jobsite. Consequently, Employee's fourth point is denied.

### Conclusion

The trial court's judgment is affirmed.

10

GARY W. LYNCH, P.J. – OPINION AUTHOR

DANIEL E. SCOTT, J. – concurs

WILLIAM W. FRANCIS, J. – concurs