

# Missouri Court of Appeals

## Southern District

### en banc

FOX CREEK CONSTRUCTION, INC.,   )
                              )
     Plaintiff-Respondent,     )
                              )
v.                           )        No. SD35668
                              )
OPIE'S LANDSCAPING, LLC,     )        Filed:  July 30, 2019
                              )
     Defendant-Appellant.      )

APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Jennifer Growcock

**<u>TRANSFERRED TO THE SUPREME COURT PER RULE 83.02</u>**

Opie's Landscaping, LLC ("Opie"), appeals the bench-trial judgment that ordered it to pay $40,250 to Fox Creek Construction, Inc. ("Contractor").  In three points, Opie claims the trial court erred by applying the wrong measure of damages to Contractor's breach of contract claim.  Because Opie has failed to meet its burden of demonstrating reversible error, we affirm; however, we transfer this case to our Supreme Court after opinion pursuant to Rule 83.02.[1]

---

[1] All rule references are to Missouri Court Rules (2019).

**Governing Principles of Review**

"In appeals from a court-tried civil case, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *White v. Director of Revenue*, 321 S.W.3d 298, 307-08 (Mo. banc 2010) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). We begin with a presumption that the judgment is correct, and the appellant has the burden of proving it erroneous. *Flooring Sys, Inc. v. Staat Constr. Co.*, 100 S.W.3d 835, 837 (Mo. App. E.D. 2003).

**The Evidence[2]**

Contractor was engaged by Mike and Annette Ensley ("Homeowners") to do some major remodeling of their home. Contractor's arrangement with Homeowners was a "cost-plus" contract that required Homeowners to pay Contractor the actual cost of the work plus 15% of that total cost as Contractor's profit. One portion of the remodeling job involved the construction of a waterfall outside of Mrs. Ensley's library window. Contractor sub-contracted with Opie to build the waterfall. Although Opie admitted that it had an oral contract with Contractor, Opie's brief fails to identify the terms of that contract.

Although Contractor had not previously used Opie to build a water feature, "[Opie had] hired a new guy from Wickman's Garden, Logan, who was specially in – specialized in water features, and [Opie] was going to get into the water features – putting in water features with Logan and that Logan could do the job." Opie gave Contractor an estimate of $35,000 to build the waterfall. It took Logan approximately one month to

---

[2] Unless otherwise necessary for context, we recite the relevant evidence and the inferences therefrom in the light most favorable to the trial court's decision. *Heubel v. VSV, LLC*, 567 S.W.3d 276, 278 n.2 (Mo. App. S.D. 2019).

build the waterfall, and once it was completed, Contractor paid Opie the full $35,000 estimated price.

Shortly thereafter, Homeowners returned from a vacation and began experiencing problems with the waterfall. The first problem was that the waterfall was in the wrong location. To address the problem, Opie added a second, smaller waterfall that could be seen from the library.

The next problem arose when Homeowners discovered water "flying" down their driveway. That led to a discovery that the waterfall leaked – so much so that the pumps could not pump enough water to keep the waterfall flowing. Two months after the waterfall was completed, the leak was so bad that Homeowners' well pump was running 24 hours per day, resulting in large electric bills for June, July, and August. The rocks in the waterfall were not level and would move around. The liner was also "sticking outside" and "looked shoddy." Opie said[3] it had the wrong pumps, the wrong floats, and the reservoir was too small, but all of those deficiencies would be fixed. Despite those admissions, Opie continued to claim that the water loss was due solely to natural evaporation.

Frustrated with the lack of progress, Homeowners contacted Cliff Fitzwater ("Mr. Fitzwater"), owner of Fitzwater Design, who had extensive experience with water features. Mr. Fitzwater looked at the waterfall in approximately June 2016. He described the problems with the waterfall as: (1) a lot of liner showing; (2) the water falling over natural rock; (3) a water hose was running continuously; and (4) the reservoir size seemed small. Mr. Fitzwater advised Homeowners to contact Opie to fix the

---

[3] Although Logan was the person actually building the waterfall, it appears that Homeowners would go to Contractor about the problems that kept arising. Contractor would then communicate with Opie, and Opie in turn went to Logan. Opie eventually fired Logan from the job.

3

problems. The only way Mr. Fitzwater would have fixed the waterfall would be to rebuild it such that it did not fall over the natural rock, a job that would require removing the existing water feature and building a new one. He estimated the cost of removal and reconstruction to be approximately "35- to 40-thousand."

In September 2016, after six months of continuing problems with the waterfall, Homeowners told Opie to remove it. Opie did so, and Homeowners never paid Contractor the $35,000 plus 15% profit that Contractor would have received from Homeowners if the waterfall had functioned correctly.

Contractor made a demand upon Opie to repay Contractor the $35,000 it had paid for the waterfall, plus the additional 15% profit. When that demand went unmet, Contractor filed the instant breach-of-contract suit, which prayed for damages in the amount of $40,250 (the $35,000 paid to Opie, plus Contractor's 15% lost profit).

The trial court entered its $40,250 judgment in favor of Contractor based upon the following undisputed evidence:

- Contractor contracted with Homeowners to install a water feature for $35,000 plus 15% profit;

- Contractor subcontracted with Opie to install the water feature for a cost of $35,000.

- Contractor paid $35,000 to Opie upon the installation of the water feature;

- After six months of Opie's failed attempts to repair the water feature, Homeowners demanded that Opie remove it, which it did;

- Homeowners did not pay Contractor the $35,000 plus 15% profit because Homeowners were not provided with a functioning water feature;

- Opie retained the $35,000 plus all materials used in constructing the water feature; and

4

- Mr. Fitzwater testified that it would cost at least $35,000 to reconstruct a functioning water feature.

This appeal timely followed.

## Analysis

For ease of analysis, we address points 1, 2 and 3 together because Opie complains about the same set of facts in three different ways: first, that the damage award was a misapplication of law; second, that substantial evidence does not support the damage award; and, third, that the damage award is against the weight of the evidence. Point 1 claims the trial court erred in awarding Contractor $40,250 in damages because such an award constituted a misapplication of the law[4] in that, "under Missouri law, the proper measure of damages for substantial but defective completion of a construction contract is the cost of repair[.]" Point 2 claims the trial court erred in awarding Contractor $40,250 in damages "because such a finding was not supported by substantial evidence, in that the only evidence to support the trial court's finding that the waterfall could not be repaired was in the form of a conclusory opinion by a non-expert." Point 3 claims "the trial court erred in awarding [Contractor] $40,250.00 in dam[a]ges because such an award was against the weight of the evidence, in that [Contractor] failed to present evidence to rebut the presumption raised by [Opie] that the cost of reconstruction would constitute an unreasonable economic waste."[5]

"'The proper measure of damages is a question of law for determination by the trial court.'" ***Forney v. Missouri Bridge & Concrete, Inc.***, 112 S.W.3d 471, 474

---

[4] Although not explicitly stated in the point relied on, we read Opie's argument as claiming that the trial court misapplied the law regarding the proper measure of damages.

[5] For the reasons set out hereafter, the trial court did not err as a matter of law in refusing to apply the concept of economic waste in its calculation of damages.

5

(Mo.App. W.D. 2003) (quoting *Gee v. Payne*, 939 S.W.2d 383, 385 (Mo.App. W.D. 1997)). "The particular facts and circumstances of a case dictate which measure of damages is appropriate[,]" and the goal "is to put the non-breaching party in as good a position as it would have been in if the contract had been performed." *Id.* at 474. The proper measure of damages is a question that this Court reviews *de novo*. *Penzel Constr. Co. v. Jackson R-2 School Dist.*, 544 S.W.3d 214, 236 (Mo. App. E.D. 2017). "An appellate court will reverse a judgment that awards damages for breach of contract if the record shows an absence of 'proof of actual facts [that] present a basis for a rational estimate of damages without resorting to speculation.'" *Cornejo v. Crawford Cty.*, 153 S.W.3d 898, 902 (Mo.App. S.D. 2005) (quoting *Gillham v. LaRue*, 136 S.W.3d 852, 856 (Mo.App. S.D. 2004)).

A fundamental flaw in Opie's challenge to the trial court's calculation of damages is that Opie treats the appropriate measure of damages as if its contract were with Homeowners instead of with Contractor.[6] The trial court found that Opie breached its contract with Contractor – a finding Opie does not contest on appeal. "The doctrine of material breach is simply the converse of the doctrine of substantial performance. Substantial performance is performance without a material breach, and a material breach results in performance that is not substantial." *Fire Sprinklers, Inc. v. Icon Contracting, Inc.*, 279 S.W.3d 230, 233 (Mo.App. E.D. 2009) (internal citation omitted).

Opie does not explain how its claim that it substantially performed on the contract can be reconciled with the trial court's unchallenged finding that Opie breached the contract. *Id.* at 234. Opie's argument is especially unconvincing given that, at the time

---

[6] To the extent that Homeowners might have qualified as a third-party beneficiary to the contract between Contractor and Opie, neither party has asserted such an argument nor made any attempt to bring Homeowners into the case.

6

of trial, Homeowners had *no* water feature whatsoever. As in **Fire Sprinklers**, Opie's contention that it substantially performed under the contract is not supported by the record. **Id.**

"If one party materially breaches a contract, the aggrieved party may cancel the contract and be relieved of its performance under the contract." **Id.** Thus, after Opie breached the contract, Contractor was entitled to cancel the contract and sue Opie for a total breach. **Id.**

> Damages [for a total breach] are calculated on the assumption that neither party will render any remaining performance. They therefore compensate the injured party for the loss that it will suffer as a result of being deprived of the balance of the other party's performance, minus the amount of any savings that resulted from the injured party not having to render any remaining performance of its own.

**Id.** (citing Farnsworth, Contracts, 581, section 8.15).

Here, it is uncontested that Contractor paid Opie $35,000 to build the waterfall for Contractor. Had Opie constructed a satisfactory waterfall, Homeowners would have been obligated to pay Contractor $35,000 plus 15% for the waterfall; a total of $40,250. Opie never provided Contractor with a properly-functioning waterfall, and, as a result, Homeowners never paid Contractor the $40,250 Contractor would have received in the absence of Opie's breach. Despite its failure to provide Contractor with a properly-functioning waterfall, Opie refused to return the $35,000 that Contractor had paid. Thus, Contractor was entitled to recover $40,250, the amount necessary to fully compensate Contractor for Opie's breach. *See id.*

While Opie argues that Contractor was only entitled to recover $2,500, the cost that landscaping expert Mr. Edward Colby estimated would be necessary to repair the waterfall, the cost of repair is a measure of damages appropriate only in the case of

substantial but defective performance, which the trial court implicitly found was not what occurred here. *See Stom v. St. Clair Corp.*, 153 S.W.3d 360, 364 (Mo.App. S.D. 2005). Further, the testimony of Mr. Fitzwater supports the award of $40,250 and the finding that the waterfall could not be repaired. Opie ignores the testimony of Mr. Fitzwater and instead relies upon the testimony of Mr. Colby. It was for the trial court to determine the credibility of the witnesses.

> "In a court-tried civil case it is the court's duty to judge the credibility of the witnesses and the weight to be given to their testimony. The judge is free to believe none, part, or all of the testimony and chooses between conflicting evidence. We defer to these determinations." *Bonney v. Envtl. Eng'g, Inc.*, 224 S.W.3d 109, 125 (Mo.App. 2007) (internal citations omitted).

*White v. R.L. Persons Construction, Inc.*, 503 S.W.3d 339, 342 (Mo.App. S.D. 2016). The trial court apparently gave credence to Mr. Fitzwater. At the time of trial, there was nothing *to* repair. Opie had done as Homeowners requested and removed the waterfall completely. Mr. Fitzwater's testimony is substantial evidence supporting the award.

Given the trial court's uncontested finding that Opie breached the contract, Opie has failed to demonstrate that the trial court applied an incorrect measure of damages. Thus, Opie's third point – that Contractor failed to rebut the presumption raised by Opie that the cost of reconstruction constituted economic waste – is moot. Economic waste is a concept also associated with cases of substantial but defective performance by a contractor, a situation not present here. *See Kelley v. Widener Concrete Constr., LLC*, 401 S.W.3d 531, 541 (Mo.App. S.D. 2013).

Points 1, 2 and 3 are denied.[7]

The judgment is affirmed. Because of the general interest and importance of the preservation issue in Point 2, however, a majority of the participating judges, on their own motion, order this case transferred to our Supreme Court pursuant to Rule 83.02.

NANCY STEFFEN RAHMEYER, C.J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

DANIEL E. SCOTT, J. – CONCURS AND WRITES SEPARATE CONCURRING OPINION

DON E. BURRELL, J. – CONCURS IN PART AND IN RESULT IN SEPARATE OPINION

GARY W. LYNCH, J. – CONCURS IN OPINION OF J. BURRELL

WILLIAM W. FRANCIS, JR., J. – CONCURS IN OPINION OF J. BURRELL

---

[7] Contractor raised an issue that point 2, whether substantial evidence supports the award of $40,250, was not preserved for review. The concurring opinion agrees that point 2 was not preserved and relies upon **Brown v. Brown**, 423 S.W.3d 784 (Mo. banc 2014), to support that conclusion. More specifically, the concurring opinion relies upon a clause in Rule 78.07(b) to contend that the matter was not "presented" to the trial court. **Brown** is not precedent for that contention. **Brown** involved a claim that a guardian ad litem had no legal authority to participate in an appeal. The problem with the claim in **Brown** was that it was never brought before the trial court during the first trial, the first appeal, or the second trial. The Supreme Court, quoting Rule 78.09, stated the rule required a party "'at the time the ruling or order of court is made or sought, [to make] known to the court the action that the party desires the court to take or objections to the action of the court and grounds therefore.'" **Brown**, 423 S.W.3d at 787. Here, the entire issue was a breach of contract claim. One of the elements on a breach of contract claim is damages. It was petitioner's responsibility to prove each element of the contract, including damages. Contractor demanded damages for what it would have received had the waterfall functioned correctly. Opie persistently claimed the waterfall could have been repaired and had evidence regarding the repair of the waterfall. The trial court was not confused or uninformed as to what each party was contending. The trial court's opinion made it clear that the trial court made credibility findings that the waterfall could not be repaired and awarded the full amount of the waterfall plus profit to Contractor. Furthermore, Opie brought a Motion to Vacate, Modify or Amend the judgment challenging the trial court's measure of damages. Opie preserved this issue for appeal.

9



# Missouri Court of Appeals

## Southern District

### en banc

FOX CREEK CONSTRUCTION, INC.,   )
                                    )
     Plaintiff-Respondent,       )
                                    )
v.                                     )       No. SD35668
                                    )
OPIE'S LANDSCAPING, LLC,     )       Filed:  July 30, 2019
                                    )
     Defendant-Appellant.      )

### <u>CONCURRING OPINION</u>

We all agree except on why Point 2 fails.  Maybe three judges are right and our supreme court meant its 2017 amendment to push Rule 78.07(b) that far.  But I'm too unsure to go that way when Point 2 plainly fails on the merits.[1]  I concur.

DANIEL E. SCOTT – SEPARATE OPINION AUTHOR

---

[1] That said, those three judges offer a valuable warning about this rule change and its potential implications.



# Missouri Court of Appeals

## Southern District

### en banc

FOX CREEK CONSTRUCTION, INC.,⁣ )
                                  )

     Plaintiff-Respondent,       )

                                  )

v.                                    )          No. SD35668

                                  )

OPIE'S LANDSCAPING, LLC,    )          Filed: July 30, 2019

                                  )

     Defendant-Appellant.      )

### APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

### Honorable Jennifer Growcock

## CONCURRING IN PART AND IN RESULT

I agree that the judgment of the trial court should be affirmed, and I concur in the well-crafted principal opinion's analysis and resolution of points 1 and 3. What I cannot join is the decision of the majority to reach the merits of Opie's second point on appeal.

Point 2 claims

> [t]he trial court erred in finding that [Contractor] was entitled to $40,250 in damages, because such a finding was not supported by substantial evidence, in that the only evidence to support the trial court's finding that the waterfall could not be repaired was in the form of a conclusory opinion by a non-expert offering little testimony of probative value.

1

Citing Rule 78.07(b),[1] Contractor's brief rightly argues that Opie "has not preserved for review its contention that there was no substantial evidence to support the judgment."

> Except as otherwise provided in Rule 78.07(c),[2] in cases tried without a jury or with an advisory jury, neither a motion for a new trial nor a motion to amend the judgment or opinion is necessary to preserve any matter for appellate review *if the matter was previously presented to the trial court*.

Rule 78.07(b) (emphasis added).

The italicized language was added to Rule 78.07(b) effective July 1, 2017. I believe that amendment was the direct result of our high court's unanimous statement in **Brown v. Brown**, 423 S.W.3d 784, 788 n.5 (Mo. banc 2014), that "[w]hile [the previous version of] Rule 78.07(b) states that, in a court-tried case, 'neither a motion for a new trial nor a motion to amend the judgment or opinion is necessary to preserve any matter for appellate review,' [the appellant] cannot rely on this rule to excuse him from responsibility for failing to preserve his claim that [the respondent] failed to present substantial evidence to support the [attorney] fee judgment. An issue must be presented to the trial court to be preserved for appeal."

Opie argues that his not-supported-by-substantial-evidence claim was preserved for our review because Opie raised it in its "post-trial motion to reconsider." Opie did file "**[OPIE]'S MOTION TO VACATE, MODIFY, OR AMEND JUDGMENT DATED JULY 11, 2018**[,]" but that motion challenged only the trial court's alleged misapplication of the law regarding the appropriate measure of damages, arguing that the trial court incorrectly awarded "the cost to remove work" rather than the cost to repair the work. Opie's prayer for relief in that motion asked the trial court to "sustain its motion to

---

[1] Unless otherwise noted, all rule references are to Missouri Court Rules (2019).
[2] A sub-section not applicable here.

amend the judgment referenced herein to reflect the cost of repair, as [Contractor] is not entitled to any other measure of damages." The motion did *not* allege that the trial court's award of $40,250 was not supported by substantial evidence.

Opie also cites section 510.310[3] in arguing that this issue would be preserved even in the absence of its post-trial motion, because "[a]n appellate court may consider the sufficiency of the evidence to support the judgment even if no motion for new trial has been filed." Because the dispute at issue is procedural, not substantive, Rule 78.07(b) prevails over the statute. *Gabriel v. Saint Joseph License, LLC*, 425 S.W.3d 133, 139 (Mo. App. W.D. 2013) (describing procedural laws as those which "prescribe a method for enforcing rights or obtaining redress for their invasion") (quoting *State ex rel. Union Elec. Co. v. Barnes*, 893 S.W.2d 804, 805 (Mo. banc 1995)); *see also Brown*, 423 S.W.3d at 788, and *Jones v. Jones*, 536 S.W.3d 383, 386 (Mo. App. S.D. 2018).[4]

Rule 84.13(c) provides that "[p]lain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Thus, plain error review in a civil case is only appropriate in those rare instances in which the error, left uncorrected, would result in a "manifest injustice or miscarriage of justice[.]" *Id.* As indicated by the principal opinion's resolution of Point 2, no such result occurred here.

Because we are constitutionally obligated to follow the most recent pronouncements of our supreme court, *Kansas City Power & Light Co. v. Bibb & Assoc.,*

---

[3] All statutory citations are to RSMo 2016.
[4] In this case, Opie did file a post-trial motion to amend the judgment and does not claim to have presented the issue to the trial court in any other manner. Therefore, we need not determine here whether an argument that the judgment was not supported by substantial evidence might be "previously presented to the trial court" by means other than a motion for new trial or motion to amend the judgment.

3

*Inc.*, 197 S.W.3d 147, 159 (Mo. App. W.D. 2006), we should not be reviewing the merits of a claim on appeal that was not first presented to the trial court for its consideration and ruling.


DON E. BURRELL, J. – SEPARATE OPINION AUTHOR